```
Court Name: Pennsylvania Middle
Division: 3
Receipt Number: 333006820
Cashier ID: tscott
Transaction Date: 07/15/2008
Payer Name: SHULMAN SHABBICK
------------------------------------
CIVIL FILING FEE
 For: JANE SEBELIN
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 8269
 Amt Tendered: $350.00
------------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```

Only when bank clears the check or
verifies credit of funds is the fee
or debit officially paid or
discharged. A $45.00 fee will be
charged for returned checks.

**FILED**
**SCRANTON**

JUL 15 2008

PER_____

DEPUTY CLERK

JANE S. SEBELIN, ESQUIRE
I.D. No. 88266
533 Delaware Avenue
Palmerton, PA 18071
(610) 826-3122

Attorney for Plaintiff,
SUSAN SCINDO

---

SUSAN SCINDO,
          Plaintiff

    Vs.

DANA SIMPSON,
individually and in his official capacity as a
Corrections Officer,

DAVID G. KEENHOLD, CJM,
individually and in his official capacity as the
Warden of the Monroe County Prison,

DANIEL B. SLASHINSKI,
individually and his official capacity as the
Security Director at the Monroe County Prison,

ROBERT NOTHSTEIN,
individually and in his official capacity as a
Monroe County Commissioner,

DONNA M. ASURE,
individually and in her capacity as a
Monroe County Commissioner,

SUZANNE F. McCOOL,
individually and in her capacity as a
Monroe County Commissioner,

MONROE COUNTY, and

MONROE COUNTY PRISON BOARD,
          Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT
OF PENNSYLVANIA

No. $O8 - 1332$

JURY TRIAL DEMANDED

**FILED
SCRANTON**

JUL 1 5 2008

PER _____

DEPUTY CLERK

---

## COMPLAINT

AND NOW, comes the Plaintiff, SUSAN SCINDO, by and through her attorneys,

SHULMAN SHABBICK & SEBELIN, and avers as follows:

## FACTUAL ALLEGATION

This is a prisoner rape case brought pursuant to 42 U.S.C. § 1983 which arises out of incidents which occurred at MONROE COUNTY PRISON BOARD, Monroe County, Pennsylvania. Plaintiff began her incarceration at MONROE COUNTY CORRECTIONAL FACILITY in June of 2006. Plaintiff brings this action against Commissioner Robert Nothstein, Commissioner Donna M. Asure, Commissioner Susan F. McCool, Warden David G. Keenhold, Security Director Daniel B. Slashinski, Monroe County and Monroe County Prison Board, and Corrections Officer Dana Simpson, for damages she sustained when Defendant, Dana Simpson, sexually assaulted and sexually harassed her. Defendants, Keenhold, Slashinski, Nothstein, Asure, and McCool and the Monroe County Prison Board, were deliberately indifferent to Plaintiff's right to be free and safe from unwanted sexual contact by knowingly allowing Defendant, Simpson, to remain in contact with Plaintiff after he sexually harassed her and had unwanted sexual intercourse with her. Defendant, Simpson, was deliberately indifferent to her right to be free and safe from unwanted sexual contact. Plaintiff brings this action for compensatory damages, punitive damages, attorneys fees pursuant to 42 U.S.C. § 1988, interest at the maximum legal rate, court costs and such other and further relief as the Court deems equitable and just.

## I.    JURISDICTION AND VENUE

1.    This is a Civil Rights case brought pursuant to Title 42 U.S.C. § 1983. Plaintiff claims that the Defendants hereto acted under color of law and in their individual capacity. Federal question jurisdiction is predicated on 28 U.S.C. § 1331.

2.    Venue is properly laid in the Middle District of Pennsylvania, pursuant to Title 28 U.S.C. § 1391(b) in that this is a Civil Action which is brought in the Federal Judicial District where the actions described in the Complaint occurred and damages resulted.

## II.    ADMINISTRATIVE REQUIREMEMTS

3.    This is an action brought pursuant to Title 42 U.S.C. § 1983 based on the 8th and 14th Amendments to the United States Constitution, Prohibitions against Cruel and Unusual Punishment for being subjected to sexual assault, harassment and failure to protect.  Plaintiff has exhausted all available administrative remedies.

## III.    PARTIES

4.    Plaintiff, SUSAN SCINDO, at all times material hereto, was an inmate at MONROE COUNTY CORRECTIONAL FACILITY in Stroudsburg, Pennsylvania, and was within the custody and control of the Defendants.

5.    Defendant, Dana Simpson, at all times material hereto, was a Corrections Officer at MONROE COUNTY CORRECTIONAL FACILITY in Stroudsburg, Pennsylvania. Defendant, Dana Simpson, was acting in his individual capacity and under color of law.

6.    Defendant, David G. Keenhold, CJM, at all times material hereto, was the Warden at MONROE COUNTY CORRECTIONAL FACILITY in Stroudsburg, Pennsylvania. Defendant, David G. Keenhold, CJM, was acting in his individual capacity and under color of law.

7.    Defendant, Daniel B. Slashinski, at all times material hereto, was the Security Director at MONROE COUNTY CORRECTIONAL FACILITY in Stroudsburg, Pennsylvania. Defendant, Daniel B. Slashinski, was acting in his individual capacity and under color of law.

3

8.    Defendant, Robert Nothstein, at all times material hereto, was a Monroe County Commissioner.  Defendant, Robert Nothstein, was acting in his individual capacity and under color of law.

9.    Defendant, Donna Asure, at all times material hereto, was a Monroe County Commissioner. Defendant, Donna Asure, was acting in her individual capacity and under color of law.

10.    Defendant, Suzanne F. McCool, at all times material hereto, was a Monroe County Commissioner.  Defendant, Suzanne F. McCool, was acting in her individual capacity and under color of law.

11.    Defendant, Monroe County, is a governmental entity within the Commonwealth of Pennsylvania empowered to establish, regulate, and control the MONROE COUNTY CORRECTIONAL FACILITY and the laws and ordinances within its jurisdiction and for the purpose of protecting and preserving the persons and property within the geographical and legal jurisdiction of the Defendant Monroe County.

12.    Defendant, MONROE COUNTY PRISON BOARD, is a governmental entity and institution within the Commonwealth of Pennsylvania empowered to establish, regulate, and control its population and for the enforcement of the policies and procedures within its jurisdiction and for the purpose of protecting and preserving the persons and property within the geographical and legal jurisdiction of the MONROE COUNTY PRISON BOARD.

### IV.    STATEMENT OF MATERIAL FACTS

13.    The preceding paragraphs are incorporated herein by reference as though fully set forth herein.

4

14.    Defendant, Dana Simpson, was acting in his individual capacity and under color of law.

15.    During Plaintiff's incarceration, Defendant, Dana Simpson, would make sexual remarks towards Plaintiff, continuously flirted with Plaintiff, and had unwanted sexual intercourse with Plaintiff.

16.    During Plaintiff's incarceration, Defendant, Dana Simpson, would give preferential or non-preferential treatment to Plaintiff based upon her compliance with Simpson's sexual demands.

17.    Defendant, Dana Simpson, arranged to meet Plaintiff in the gym where he would have sexual intercourse with Plaintiff.

18.    Defendant, Dana Simpson, would threaten to discipline Plaintiff whenever she refused his advances.

19.    Defendant, Dana Simpson, was charged with two (2) counts of Institutional Sexual Assault pursuant to 18 Pa. C.S.A. 3124.2 §§A.

20.    Defendant, Dana Simpson, also has complaints from other female inmates accusing him of sexual harassment and/or assault.


**COUNT I**
**SUSAN SCINDO**
**V.**
**DANA SIMPSON**
**(SEXUAL ASSAULT (EXCESSIVE FORCE))**

21.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

22.     Defendant, Dana Simpson, was acting in his individual capacity and under color of law.

23.     When Plaintiff entered MONROE COUNTY CORRECTIONAL FACILITY, Defendant, Simpson, began sexually harassing the Plaintiff, including making sexual comments to Plaintiff.

24.     During Plaintiff's incarceration, Defendant, Simpson, would threaten to discipline Plaintiff for refusing his sexual advances. Defendant, Dana Simpson, thereafter had unwanted sexual contact, including sexual intercourse, with the Plaintiff.

25.     Plaintiff suffered damages and physical and mental injuries as a result of the actions of this Defendant.

26.     The use of such force was excessive and applied maliciously, cruelly, and sadistically for the very purpose of causing harm and not in a good faith effort to achieve a legitimate purpose.

27.     Defendant, Simpson's, conduct was willful, wanton, and deliberately indifferent to Plaintiff's health and safety, and justifies an award of punitive damages.

WHEREFORE, Plaintiff, SUSAN SCINDO, hereby requests judgment against Defendant, Dana Simpson, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate and such other and further relief as the Court deems equitable.

**COUNT II**
**SUSAN SCINDO**
**V.**
**DANA SIMPSON**
**(HARASSMENT)**

28.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

29.    Defendant, Dana Simpson, was acting in his individual capacity and under color of law.

30.    During the course of Plaintiff's incarceration at MONROE COUNTY CORRECTIONAL FACILITY, Defendant, Dana Simpson, would frequently make sexual advances and comments towards the Plaintiff.

31.    During the course of Plaintiff's incarceration at MONROE COUNTY CORRECTIONAL FACILITY, Defendant, Simpson, would make sexual remarks towards Plaintiff, and continuously flirted with Plaintiff.

32.    During the course of Plaintiff's incarceration at MONROE COUNTY CORRECTIONAL FACILITY Defendant, Simpson, sexually assaulted the Plaintiff.

33.    During the course of Plaintiff's incarceration at MONROE COUNTY CORRECTIONAL FACILITY, Defendant, Simpson, would threaten to punish Plaintiff for not agreeing to his sexual advances.

34.    Defendant, Simpson's, conduct was willful, wanton and deliberately indifferent to Plaintiff's health and safety and justifies an award of punitive damages.

WHEREFORE, Plaintiff, SUSAN SCINDO, hereby requests judgment against Defendant, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.

COUNT III
SUSAN SCINDO
V.
DAVID G. KEENHOLD, CJM, DANIEL B. SLASHINSKI, ROBERT NOTHSTEIN,
DONNA ASURE, SUZANNE F. McCOOL, and MONROE COUNTY PRISON BOARD
(FAILURE TO PROTECT)

35.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

36.    The Defendants, Keenhold, SLASHINSKI, Nothstein, Asure, and McCool, were acting in their individual capacity and under color of law.

37.    The Defendant, Keenhold, as Warden, had a duty to protect Plaintiff from injuries resulting from the actions of the Defendants Correctional Officer, Simpson.

38.    Defendant, David G. Keenhold, knew or should have known of Defendant, Simpson's, activities, that he had prior complaints for sexual harassment and/or assault and that Defendant, Simpson, continued to come into contact with the Plaintiff at MONROE COUNTY CORRECTIONAL FACILITY.

39.    Defendant, Daniel B. SLASHINSKI, had a duty to protect the Plaintiff from injuries resulting from actions of Defendant Correctional Officer, Simpson.

40.    Defendant, SLASHINSKI, knew or should have known of Defendant, Simpson's activities, that he had prior complaints for sexual harassment and/or assault and that Defendant, Simpson, continued to come into contact with the Plaintiff at MONROE COUNTY CORRECTIONAL FACILITY.

41.    Defendant, Robert Nothstein, as Monroe County Commissioner, had a duty to protect Plaintiff from injuries resulting from actions of Defendant Correctional Officer, Simpson.

42.    Defendant, Robert Nothstein, knew or should have known of Defendant, Simpson's, activities, that he had prior complaints for sexual harassment and/or assault and that

Defendant, Simpson, continued to come into contact with the Plaintiff at MONROE COUNTY CORRECTIONAL FACILITY.

43.     Defendant, Donna Asure, as Monroe County Commissioner, had a duty to protect Plaintiff from injuries resulting from actions of Correctional Officer.

44.     Defendant, Donna Asure, knew or should have known of Defendant, Simpson's, activities, that he had prior complaints for sexual harassment and/or assault and that Defendant, Simpson, continued to come into contact with the Plaintiff at MONROE COUNTY CORRECTIONAL FACILITY.

45.     Defendant, Suzanne McCool, as Monroe County Commissioner, had a duty to protect Plaintiff from injuries resulting from actions of Correctional Officer.

46.     Defendant, Suzanne McCool, knew or should have known of Defendant, Simpson's, activities, that he had prior complaints for sexual harassment and/or assault and that Defendant, Simpson, continued to come into contact with the Plaintiff at MONROE COUNTY CORRECTIONAL FACILITY.

47.     Defendant, Monroe County Prison Board, had a duty to protect Plaintiff from injuries resulting from actions of Correctional Officer.

48.     Defendant, Monroe County Prison Board, knew or should have known of Defendant, Simpson's, activities, that he had prior complaints for sexual harassment and/or assault and that Defendant, Simpson, continued to come into contact with the Plaintiff at MONROE COUNTY CORRECTIONAL FACILITY.

49.     All Defendants acted in such a way as to endanger the Plaintiff's health and well-being.

50.     Defendants' actions amount to deliberate indifference to Plaintiff.

51.    The volume of sexual misconduct problems at this institution is problematic and an indicator of a systemic issue of general lack of safety at the prison.

52.    Defendants' conduct as alleged herein was willful, wanton and deliberately indifferent to Plaintiff's health and safety, and justifies an award of punitive damages.

WHEREFORE, Plaintiff, SUSAN SCINDO, hereby requests judgment against Defendants, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.


**COUNT IV**
**SUSAN SCINDO**
**V.**
**ALL DEFENDANTS**
**(42 U.S.C. § 1983, SUPERVISORY LIABILITY)**

53.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

54.    One or more of the Defendants acted in a supervisory capacity under the circumstances, and at a time, when one or more of the subordinate Defendants violated the Plaintiff's rights as set forth hereinbefore.

55.    The exact relationship and responsibilities between the Defendants inter se, cannot be ascertained pre-trial except to allege with certainty that Defendant Warden Keenhold acted in a supervisory capacity with regard to Defendant, Corrections Officer, based upon his obvious rank.

56.    In that regard, the Supervisory Defendants, now known and unknown, either directed the conduct which resulted in the violation of the Plaintiff's federal rights as alleged; or,

had actual knowledge of the subordinates violation of Plaintiff's federal rights and acquiesced in said violations; or, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation or, had a policy of maintaining no policy, where one or more policies or regulations were clearly needed.

57.     As a result of the deficient supervision of the Defendants, Plaintiff suffered the damages alleged hereinbefore.

WHEREFORE, Plaintiff, SUSAN SCINDO, hereby requests judgment against Defendants, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.

## COUNT V
## SUSAN SCINDO
## V.
## ALL DEFENDANTS
## (42 U.S.C § 1983, FAILURE TO INTERVENE, NON-SUPERVISORY)

58.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

59.     Each Defendant is liable for failing to intervene to prevent the constitutional violations of Plaintiff's federally protected rights, as claimed herein, by the other Defendants, or by other offenders presently unknown to the Plaintiff.

60.     Plaintiff's Constitutional rights were violated as alleged herein.

61.     Under circumstances where a named Defendant was not the violator of a given right as alleged, he had the duty to intervene, including the duty to intervene to prevent an cruel

and unusual punishment, false imprisonment, the use of excessive force, malicious prosecution, and the denial of adequate medical care.

62.    Each of the Defendants had a reasonable opportunity to intervene.

63.    Each of the Defendants failed to intervene.

64.    Each non-intervening Defendant is liable for the harm, and hence damages, suffered by the Plaintiff, as aforesaid.

WHEREFORE, Plaintiff, SUSAN SCINDO, hereby requests judgment against Defendants, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.


## COUNT VI
## SUSAN SCINDO
## Vs.
## ALL DEFENDANTS
## (42 U.S.C 1983, CONSPIRACY)

65.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

66.    The Defendants participated in a conspiracy to engage in a sexual assault upon Plaintiff in during her incarceration at MONROE COUNTY CORRECTIONAL FACILITY, and thereafter concealed their own wrongful acts and omissions.

67.    This conspiracy, as it applied to the Plaintiff herein, was an express or implied agreement between the Defendants and others to deprive the Plaintiff of her constitutional rights, inter alia, to be free from cruel and unusual punishment.

68.    The Defendants were voluntary participants in the common venture, understood the general objectives of the plan, knew it involved the likelihood of the deprivation of constitutional rights, accepted those general objectives, and then agreed, either explicitly or implicitly, to do their part to further those objectives.

69.    The Defendants then did each, either act, or where there was a duty to act, refrain from acting, in a manner intended to facilitate the deprivation of the Plaintiff's constitutional rights alleged.

70.    An actual deprivation of those rights did occur to the Plaintiff resulting from the said agreement or common design, and as a foreseeable consequence thereof.

71.    The Defendants, and each of them, are jointly and severally responsible for the injuries caused by their fellow co-conspirators even if, or when, their own personal acts or omissions did not proximately contribute to the injuries or other harms which resulted.

72.    As a result of the conspiracy entered into and acted upon by the Defendants, and other co-conspirators, Plaintiff suffered a deprivation of her constitutional rights, and suffered damages as aforesaid.

WHEREFORE, Plaintiff, SUSAN SCINDO, hereby requests judgment against Defendants, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.

## COUNT VII
## SUSAN SCINIDO
## V.
## MONROE COUNTY
## AND
## MONROE COUNTY PRISON BOARD
## (42 U.S.C 1983, MUNICIPAL LIABILITY)

73.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

74.    Prior to April 1, 2006, the Defendants Monroe County and Monroe County Prison Board developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Monroe County and Monroe County Correctional Facility, which caused the violation of Plaintiff's constitutional rights.

75.    It was the policy and/or custom of the Defendant Monroe County and Monroe County Prison Board to inadequately and improperly investigate complaints of correction officer misconduct, and acts of misconduct were instead tolerated by Monroe County and Monroe County Prison Board, including, but not limited to, complaints of sexual misconduct by corrections officers at Monroe County Correctional Facility.

76.    It was also the policy and/or custom of the Defendant Monroe County and Monroe County Prison Board to inadequately screen during the hiring process and to inadequately train and supervise its corrections officers, including Defendant corrections officers, thereby failing to adequately discourage further constitutional violations on the part of its corrections officers in general and Defendant officers in particular.

77.    The Defendant Monroe County and Monroe County Prison Board did not require or demand appropriate in-service training or re-training of officers who were known to have engaged in sexual misconduct or who were known to encourage or tolerate same.

14

78.    The Defendant Monroe County and Monroe County Prison Board also did not adopt needed policies, which should have been intended and calculated to avoid the Constitutional violations referred to herein.

79.    As a result of the above described policies and customs and failure to adopt necessary and appropriate policies, corrections officers of the Defendants Monroe County and Monroe County Prison Board, including the Defendants, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

80.    The above described policies and customs, and the failure to adopt necessary and appropriate policies, demonstrated a deliberate indifference on the part of the policymakers of the Defendants Monroe County and Monroe County Prison Board, which group of policymakers includes but is not limited to Defendant Warden Keenhold, and were the cause of the violation of the Plaintiff's rights as alleged herein, and the claimed damages which resulted therefrom.

WHEREFORE, Plaintiff, SUSAN SCINDO, hereby requests judgment against Defendants, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.

## COUNT VIII
## SUSAN SCINDO
## V.
## ALL DEFENDANTS
## (ASSAULT AND BATTERY)

81.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

82.    Defendants assaulted and battered the Plaintiff.

83.    As a result of their assaults and batteries, Plaintiff suffered the damages aforesaid.

WHEREFORE, Plaintiff, SUSAN SCINDO, hereby requests judgment against Defendants, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.

## COUNT IX
## SUSAN SCINDO
## V.
## ALL DEFENDANTS
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

84.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

85.    The aforesaid extreme and outrageous conduct, acts or omissions of the individual Defendants were calculated, designed, and intended by the individual Defendants to intentionally inflict deliberate emotional distress, psychological trauma, and psychological pain and suffering upon the Plaintiff and to instill in her mind an immediate and permanent sense of fear and trepidation.    Said conduct, acts or omissions, surpass all bounds of decency universally recognized in a civilized society.

86.    As a direct and proximate result and consequence of the aforesaid conduct, acts or omissions of the Defendants, which constitutes extreme and outrageous conduct, the Plaintiff suffered damages as aforesaid.

WHEREFORE, Plaintiff, SUSAN SCINDO, hereby requests judgment against Defendants, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to

42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.

## COUNT X
## SUSAN SCINDO
## V.
## ALL DEFENDNTS
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

87.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

88.     The aforesaid extreme and outrageous conduct, acts, or omissions of the Defendants recklessly, carelessly or negligently caused infliction of emotional distress, psychological trauma, and psychiatric pain and suffering upon the Plaintiff and so instilled in her mind an immediate and permanent sense of fear and trepidation, as a byproduct of the physical impact on her physical body.

89.     As a direct and proximate result and consequence of the aforesaid conduct, acts or omissions of the Defendants, which constitutes negligent infliction of emotional distress, the Plaintiff suffered damages as aforesaid.

WHEREFORE, Plaintiff, SUSAN SCINDO, hereby requests judgment against Defendants, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.

## OTHER MATTERS

90.    Plaintiff respectfully requests a jury of 12 jurors to deliberate upon the within causes of action.

91.    The within case is not subject to arbitration under Local Civil Rule 53.2.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court for each count alleged:

A.    Award compensatory damages to Plaintiff against the Defendants, jointly and severally, in an amount in excess of $150,000.00 exclusive of interest and costs;

B.    Award punitive damages to Plaintiff against the individual Defendants in their individual capacities, jointly and severally, in an amount in excess of $150,000.00 exclusive of interest and costs;

C.    Award reasonable attorney's fees and costs to Plaintiff;

D.    Enter an Order enjoining Defendants from engaging in the future in the conduct identified in the Complaint as violative of 42 U.S.C. §1983; and further affirmatively requiring the Defendants Monroe County and MONROE COUNTY PRISON BOARD to engage in appropriate remedial efforts to adopt, and enforce, policies for Monroe County and MONROE COUNTY PRISON BOARD which are calculated and intended to preclude the conduct alleged to have been engaged in by the named Defendants named herein.

E.    Award such other and further relief as this Court may deem appropriate.

Respectfully Submitted,

SHULMAN SHABBICK & SEBELIN

Date: ___7/11/07___          By _____
                              JANE S. SEBELIN
                              I. D. No. 88266
                              Attorney for Plaintiff
                              533 Delaware Avenue
                              Palmerton, Pennsylvania 18071
                              (610) 826-3122

19

# VERIFICATION

I, SUSAN SCINDO, Plaintiff herein named, verify that the statements made in the foregoing Complaint are true and correct understanding that any false statements made herein are subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Date: ___7·1· 2008___ .          _____

SUSAN SCINDO

## UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   Susan Scindo, c/o 533 Delaware Avenue, Palmerton, Pennsylvania 18071

Address of Defendant:   Dana Simpson, 1563 Birch Way, Tobyhanna, Pennsylvania 18466

Place of Accident, Incident or Transaction:   Stroudsburg, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))       Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?       Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: 3:08-CV-0495   Judge   Conaboy   Date Terminated:   Ongoing

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?       Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?       Yes ☒   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?       Yes ☐   No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

| A. *Federal Question Cases:* | B. *Diversity Jurisdiction Cases:* |
|---|---|
| 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ Insurance Contract and Other Contracts |
| 2. ☐ FELA | 2. ☐ Airplane Personal Injury |
| 3. ☐ Jones Act-Personal Injury | 3. ☐ Assault, Defamation |
| 4. ☐ Antitrust | 4. ☐ Marine Personal Injury |
| 5. ☐ Patent | 5. ☐ Motor Vehicle Personal Injury |
| 6. ☐ Labor-Management Relations | 6. ☐ Other Personal Injury (Please specify) |
| 7. ☒ Civil Rights | 7. ☐ Products Liability |
| 8. ☐ Habeas Corpus | 8. ☐ Products Liability с Asbestos |
| 9. ☐ Securities Act(s) Cases | 9. ☐ All other Diversity Cases |
| 10. ☐ Social Security Review Cases | (Please specify) |
| 11. ☐ All other Federal Question Cases | |
| (Please specify) | |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Jane S. Sebelin , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE:  7/11/08          *Jane S. Sebelin*          88266
                                                JANE S. SEBELIN, Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE _____          _____          88266
                                        Attorney-at-Law          Attorney I.D.#

CIV. 609 (4/03)

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SUSAN SCINDO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DANA SIMPSON, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus - Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits  ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from
exposure to asbestos.  ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)  (XX)

(f) Standard Management - Cases that do not fall into any one of the other tracks.  ( )


| | | |
|---|---|---|
| 7/11/08 | _Jane S. Sebelin_ | **Plaintiff** |
| **Date** | **JANE S. SEBELIN** | **Attorney for** |
| | **Attorney-at-Law** | |
| **(610) 826-3122** | **(610) 826-3123** | janesebelin@shulmanshabbick.com |
| **Telephone** | **FAX Number** | **E-mail Address** |

ıCiv. 660) 10/02