**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUSAN SCINDO, | : | CIVIL NO. 1:CV-08-1332 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| DANA SIMPSON, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

Before the Court is a motion to dismiss a portion of Susan Scindo's counseled civil

rights complaint filed pursuant to 42 U.S.C. § 1983 filed on behalf of Defendants David G.

Keenhold, Daniel B. Slashinski, Robert Nothstein, Donna M. Asure, Suzanne F. McCool,

Monroe County and the Monroe County Prison Board.[1]  For the reasons discussed below, the

motion will be granted.

**I.      BACKGROUND**

Plaintiff brings this action against Monroe County, Pennsylvania, the Monroe County

Prison Board,  Monroe County Commissioners Robert Nothstein, Donna M. Asure and Susan F.

McCool, and Monroe County Prison employees Warden David G. Keenhold, Security Officer

Daniel B. Slashinski and Correctional Officer Simpson, for damages sustained when Simpson

sexually assaulted and harassed her.  Specifically, Plaintiff contends that during her incarceration

at the Monroe County Prison, which began in June of 2006, Defendant Simpson made sexual

remarks toward her, continuously flirted with her and had unwanted sexual intercourse with her.

---

[1]  There is an eighth Defendant in this action, Dana Simpson, a former correctional
officer at the Monroe County Prison.  Although it appears from the docket that he has been
served with the complaint (Doc. No. 20), he has not yet responded.

She claims that Simpson would give preferential or non-preferential treatment to her based upon her compliance with his demands.

Plaintiff further alleges that the other named Monroe County Prison Defendants were deliberately indifferent to her vulnerability and failed to protect her by allowing Simpson to remain in contact with her when they knew or should have known she was in danger based upon prior complaints they had received.  She further claims that Defendants failed to supervise as well as intervene to prevent the constitutional violations which occurred.  It is further alleged that all eight Defendants participated in a conspiracy to engage in a sexual assault upon Plaintiff.

Liability on the part of Monroe County and the Monroe County Prison Board is also asserted on the basis they developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Monroe County or the Monroe County Prison by inadequately and improperly investigating complaints of correctional officer misconduct and tolerating acts of misconduct including complaints of sexual misconduct. It is further alleged that these entities failed to properly screen during hiring, as well as train and supervise its officers.  In addition to the above claims, Plaintiff raises claims of assault and battery, intentional infliction of emotional distress and negligent infliction of emotional distress against all named Defendants.

As relief, Plaintiff seeks compensatory and punitive damages, as well as attorneys fees and costs.   She further requests injunctive relief in the form of a court order enjoining Defendants from engaging in this type of conduct in the future and requiring Defendants Monroe County and the Monroe County Prison Board to adopt and enforce policies to preclude the conducted alleged above.

2

Pending is a motion to dismiss filed on behalf of all Defendants except Simpson.  In the motion, Defendants seek to dismiss the following claims: (1) conspiracy; (2) punitive damages against Monroe County and the Monroe County Prison Board; (3) assault and battery; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress ; and (5) injunctive relief.

## II.      STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  In reviewing a motion to dismiss, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)(quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002.  Although the court is generally limited in its review to the face of the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1997); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Although the moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2007), the plaintiff has an obligation to allege facts sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted).  Furthermore, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the

allegations in the complaint." <u>Twombly</u>, <u>Id</u>. at 1960.  When evaluating a motion to dismiss, a court need not "credit a complaint's 'bald assertions' or 'legal conclusions.'" <u>Evancho v. Fisher</u>, 423 F.3d 347, 354-55 (3d Cir. 2005).  Finally, when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," <u>Twombly</u>, 127 S. Ct. at 1960, the complaint should be dismissed.

## III.   DISCUSSION

Defendants Keenhold, Slashinski, Nothstein, Asure, McCool, Monroe County and Monroe County Prison Board move for the dismissal of the following claims in the complaint with respect to each of them: Count VI Conspiracy; Count VIII Assault & Battery; Count IX Intentional Infliction of Emotional Distress and Count X Negligent Infliction of Emotional Distress.  They also seek the dismissal of Plaintiff's request for punitive damages against Defendants Monroe County and the Monroe County Prison Board.

Without unnecessary elaboration, Defendants' motion with regard to all of the above requests for dismissal will be granted for the following reason.  In responding to Defendants' motion, Plaintiff concedes to the dismissal of these claims.  (Doc. Nos. 14, 16 and 18.)

While Plaintiff agrees to the dismissal of the above claims, she opposes Defendants' motion to dismiss her request for injunctive relief.  In the complaint, Plaintiff specifically seeks the entry of an order enjoining Defendants from engaging in such alleged conduct in the future and requiring Defendants Monroe County and the Monroe County Prison Board to engage in appropriate remedial efforts to adopt and enforce policies intended to preclude such conduct in the future.

Defendants argue that Plaintiff lacks standing to request injunctive relief.  They maintain

that because she is no longer incarcerated at the Monroe County Prison, and does not allege that she remains there or is likely to return there, she lack standing to request equitable relief.  In response, Plaintiff argues that because she suffered an "actual injury," she has standing to request such relief.

A case nearly identical to the instant action was filed by Plaintiff's attorney on behalf of another female inmate, and is presently pending in this Court before Magistrate Judge Thomas Blewitt/District Judge Richard Conaboy.  See Knight v. Simpson, et al., Civ. No. 3:08-CV-0495, filed March 19, 2008.  In said action, the Defendants also sought to dismiss Plaintiff's request for injunctive relief on the same basis.  Magistrate Judge Blewitt made the following recommendation that no claim for injunctive relief could properly be stated, which was thereafter adopted by Judge Conaboy:

> "For a plaintiff to have standing to seek injunctive relief, past exposure to illegal conduct is not enough to show standing.  O'Shea v. Littleton, 414 U.S. 488, 495, 38 L. Ed. 2d 674, 94 S. Ct. 669 (1974).  Thus, since our Plaintiff is not currently confined at MCCF, she must show that there is a "real and immediate threat that [s]he would again be [the victim of the alleged unconstitutional practice]."  Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987).  It is undisputed that our Plaintiff is   not currently incarcerated in MCCF, and she does not allege that she will again be incarcerated at MCCF in the future.  Thus, there is not a reasonable expectation that the wrong for which she seeks injunctive relief will be repeated. Since there is not an immediate threat to the Plaintiff, she does not have standing to bring her claim for injunctive relief."

Knight v. Simpson, et al., Civ. No. 3:08-0495 (M.D. Pa.) (Doc. 14).

This conclusion is well-reasoned and will be adopted by this Court. In opposing Defendants' motion with regard to this claim, Plaintiff does not claim that she is still incarcerated at the Monroe County Prison or that she has a reasonable expectation that she will be housed there in the future.  Further, as Defendants point out, according to the Pennsylvania

Department of Corrections Inmate Locator, Plaintiff is currently confined at the State Correctional Institution at Cambridge Springs in Crawford County, Pennsylvania.[2]  Accordingly, Defendants' motion for the dismissal of Plaintiff's request for injunctive relief will also be granted.[3]

An appropriate Order granting Defendants' motion to dismiss (Doc. No. 10) follows.

_____

[2]  See http://www.cor.state.pa.us/inmatelocatorweb/.

[3]  At this point, the claims set forth against Defendant Simpson also still proceed as he has yet to file a response to the complaint.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SUSAN SCINDO,** | : | **CIVIL NO. 1:CV-08-1332** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **DANA SIMPSON, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 2nd  day of February, 2009, upon due consideration of the complaint,

Defendants' motion to dismiss, and the documents filed in support thereof and opposition

thereto, and for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY**

**ORDERED THAT:**

1.   Defendants' motion to dismiss (Doc. No. 10) is **GRANTED**.  The following
     claims are dismissed in their entirety against Defendants Keenhold, Slashinski,
     Nothstein, Asure, McCool, Monroe County and Monroe County Prison Board:

     a.   Count VI for Conspiracy;
     b.   Count VIII for Assault and Battery;
     c.   Count IX for Intentional Infliction of Emotional Distress;
     d.   Count X for Negligent Infliction of Emotional Distress; and
     e.   Plaintiff's claims for injunctive relief

2.   Defendants' motion to dismiss is also **GRANTED** with respect to Plaintiff's
     claim for punitive damages against Defendants Monroe County and the Monroe
     County Prison Board.

3.   The remaining claims of Failure to Protect, Supervisory Liability, Failure to
     Intervene and Municipal Liability set forth by Plaintiff will proceed against all of
     the above named Defendants, as well as Plaintiff's punitive damages claim
     against all Defendants except Monroe County and the Monroe County Prison
     Board.

4.      Defendants shall file an answer to the remaining claims within twenty (20) days from the date of this Order.

5.      Within fifteen (15) days from the date of this Order, Plaintiff shall show cause why this action should not be dismissed against Defendant Simpson for failure to prosecute.


 S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania

2